United States Bankruptcy Court
Northern District of Ohio

In re:                                                                    Case No. 19-12516-aih
Randall Maurice Maximovich                                                Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0647-1          User: nbrow              Page 1 of 1           Date Rcvd: Apr 30, 2019
                              Form ID: pdf700          Total Noticed: 21

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 02, 2019.
db             +Randall Maurice Maximovich,   6496 Brighton Drive,   North Olmsted, OH 44070-4828
26007517       +Emergency Prof. Services, Inc.,   1643 North Harrison Pkwy Bldg H,   Sunrise, FL 33323-2857
26007518       +FFCC,   24700 Chagrin Blvd, #205,   Beachwood, OH 44122-5630
26007520      ++FIFTH THIRD BANK,   MD# ROPS05 BANKRUPTCY DEPT,   1850 EAST PARIS SE,
                GRAND RAPIDS MI 49546-6253
                (address filed with court: Fifth Third Bank,   5050 Kingsley Drive,   Cincinnati, OH 45263)
26007522       +Hospital Medical Practices,   11100 Euclid Avenue,   Cleveland, OH 44106-1716
26007523       +Jared   Galleria Of Jewelry,   Po Box 4485,   Beverton, OR 97076-4485
26007525       +OHIO ANESTHESIA GROUP INC,   4665 Douglas Cir NW # 100,   Canton, OH 44718-3673
26007527       +Orthopedic Associates,   24723 Detroit Road,   Westlake, OH 44145-2526
26007528       +Pearl Law Offices LLC,   9393 Olde Eight Road,   Northfield, OH 44067-1953
26007529       +Rocky River Municipal Court,   21012 Hilliard Blvd,,   Rocky River, OH 44116-3398
26007530       +St. John West Shore,   29000 Center Ridge Road,   Westlake, OH 44145-5294
26007532       +United Collection Bureau,   5620 Southwyck Blvd,   Toledo, OH 43614-1501
26007533        University Hospital Medical Group,   P.O. Box 791988,   Belfast, ME 48278-1988

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
26007514       +E-mail/Text: ally@ebn.phinsolutions.com Apr 30 2019 22:43:08     Ally,   P.O. Box 380901,
                Minneapolis, MN 55438-0901
26007515       +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Apr 30 2019 22:48:52     Capital One,
                Po Box 30281,   Saltblake City, UT 84130-0281
26007516       +E-mail/PDF: creditonebknotifications@resurgent.com Apr 30 2019 22:48:36     Credit One Bank,
                Po Box 98872,   Las Vegas, NV 89193-8872
26007519       +E-mail/Text: eblymiller@fidelitycollections.com Apr 30 2019 22:43:05     Fidelity Properties,
                885 South Sawburg Ave, #103,   Alliance, OH 44601-5905
26007521       +E-mail/Text: GenesisFS@ebn.phinsolutions.com Apr 30 2019 22:46:09     Genesis FS Card Services,
                P.O. Box 4480,   Beaverton, OR 97076-4480
26007524       +E-mail/Text: Bankruptcies@nragroup.com Apr 30 2019 22:46:05     NRA Group LLC,
                2491 Paxton Street,   Harrisburg, PA 17111-1036
26007526       +E-mail/PDF: cbp@onemainfinancial.com Apr 30 2019 22:48:47     One Main Financial,
                P.O. Box 1010,   Evansville, IN 47706-1010
26007531       +E-mail/Text: bncnotices@stengerlaw.com Apr 30 2019 22:43:10     Stenger & Stenger,
                2618 East Paris Avenue, S.E.,   Grand Rapids, MI 49546-2458
                                                                                   TOTAL: 8

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 02, 2019                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 25, 2019 at the address(es) listed below:
          William J. Balena   on behalf of Debtor Randall Maurice Maximovich docket@ohbksource.com,
            debra@ohbksource.com
                                                                   TOTAL: 1

Fill in this information to identify your case:

Debtor 1 ___Randall_ Maurice_ Maximovich___

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the _Northern District of Ohio_

Case number __

Official Form 113

☐ Check if this is an amended plan,
and list below the sections of the plan
that have been changed

_____

## Chapter 13 Plan

12/17

To Debtor(s): **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

To Creditor(s): **Your rights are affected by this plan. Your claim may be reduced, modified, or eliminated.**

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in partial payment or no payment to the secured creditor.** | ☑ Included | ☐ Not included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ Included | ☑ Not included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☐ Included | ☑ Not included |

| Part 2: | Plan Payments and Length of Plan |
|---|---|

**2.1 Debtor(s) will make payments to the trustee as follows:**

$928.00 per Month for 43 months

[and $___ per ___ for ___ months.] *Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

☑ Debtor(s) will make payments pursuant to a payroll deduction order.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____ .

**2.3 Income tax refunds.**

*Check one*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☑ Debtor(s) will treat income tax refunds as follows: Tax refunds will be governed by the confirmation order

_____

**2.4 Additional payments.**

*Check one:*

☑ None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ Debtor(s) will make additional payment(s) to the trustee specified below. Describe the source, estimated amount, and date of each payment.

_____

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $39,904.00.**

| Part 3: | Treatment of Secured Claims |
|---|---|

**3.1 Maintenance of payments and cure of default, if any.**

*Check One.*

☐ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only

payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Fifth Third Bank | 6496 Brighton Drive, North Olmsted, OH 44070 | $1,600.00<br>☐ Trustee<br>☑ Debtor | $0.00 | 0.00% | $0.00 | $0.00 |

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of under secured claims**. *Check one.*

☐ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**The remainder of this section will be effective only if the applicable box in Part 1 is checked**

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Ally | $11,976.00 | 2012 Camaro | $11,050.00 | $11,976.00 | $11,976.00 | AO 17-2 | $341.00 | $11,976.00 |

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

*Check One.*

☑ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

**3.4** **Lien avoidance.**

*Check One.*

☑ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5** **Surrender of Collateral.**

*Check One.*

☐ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The

debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| One Main Financial | 2005 Honda Odyssey |

## Part 4:   Treatment of Fees and Priority Claims

4.1   **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2   **Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be  5.70% of plan payments; and during the plan term, they are estimated to total $2,151.90.

4.3   **Attorney's Fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $4,0000.00.

4.4   **Priority claims other than attorney's fees and those treated in§ 4.5.**

*Check one.*

☑ **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

4.5   **Domestic support obligations assigned or owed to a governmental unit and paid less thanfull amount.**

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

[o] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see*11 U.S.C. § 1322(a)(4).

| Name of Creditor | Estimated amount of Claim to be paid |
|---|---|
|  | $ |

## Part 5:   Treatment of Nonpriority Unsecured Claims

5.1    **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☑ The sum of $22,276.66.

☑ 100% of the total amount of these claims, an estimated payment of $22,276.66.

☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately  $_____. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

5.2   **Maintenance of payments and cure of any default on nonpriority unsecured claims.***Check one.*

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

5.3    Separately classified nonpriority unsecured claims. *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

<h2>Part 6:    Executory Contracts and Unexpired Leases</h2>

6.1    The executory contracts and unexpired leases listed below are assumed and treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☑ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

<h2>Part 7:    Vesting of Property of the Estate</h2>

7.1    Property of the estate will vest in the debtor(s) upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is selected below. *Check the applicable box to select an alternative vesting date:*

☑ plan confirmation.

☐ other: _____

<h2>Part 8:    Nonstandard Plan Provisions</h2>

**8.1 Check "None" or List Nonstandard Plan Provisions**

☑ None. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***These plan provisions will be effective only if the applicable box in § 1.3 is checked.***

_____

<h2>Part 9:    Signatures</h2>

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.

/s/ Randall Maurice Maximovich
Signature of Debtor 1                          Signature of Debtor 2

Executed on: 04/25/2019                         Executed on: 04/25/2019


/s/ William Balena
Signaure of Attorney for Debtor(s)              Executed on: 04/25/2019

**Signature(s) of Debtor(s)**

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | |
|---|---:|
| a. Maintenance and cure payments on secured claims (*Part 3, Section 3.1 total*) | $0.00 |
| b. Modified secured claims (*Part 3, Section 3.2 total*) | $11,976.00 |
| c. Secured claims excluded from 11 U.S.C. § 506 (*Part 3, Section 3.3 total*) | $0.00 |
| d. Judicial liens or security interests partially avoided (*Part 3, Section 3.4 total*) | $0.00 |
| e. Fees and priority claims (*Part 4 total*) | $5,651.90 |
| f. Nonpriority unsecured claims (*Part 5, Section 5.1, highest stated amount*) | $22,276.66 |
| g. Maintenance and cure payments on unsecured claims (*Part 5, Section 5.2 total*) | $0.00 |
| h. Separately classified unsecured claims (*Part 5, Section 5.3 total*) | $0.00 |
| i. Trustee payments on executory contracts and unexpired leases (*Part 6, Section 6.1 total*) | $0.00 |
| j. Nonstandard payments (*Part 8, total*) | $0.00 |
| **Total of lines a through j** | $39,904.56 |